## Dale's Esso, Inc. v.
## Zoning Hearing Board of
## Upper Moreland Township

*Alan Boroff,* for appellant.
*Gilbert P. High, Jr.,* for Zoning Hearing Board.

TREDINNICK, J., January 4, 1973.—Appellant, Dale's Esso, Inc., operates a gasoline service station at Easton and Sycamore Roads, adjacent to the Pennsylvania Turnpike in Upper Moreland Township. It does so by virtue of a special exception granted by the township Zoning Hearing Board some three years ago. On September 1, 1971, it entered into a service agreement with the Pennsylvania Turnpike Commission, wherein it undertook the responsibility to provide repair and towing service for travelers who requested it on a certain section of the turnpike. In order to provide that service, appellant bases three or four towing or service vehicles on the gasoline station premises. This aspect of its business is significant, contributing 20 to 25 percent of the total income of the business.

The township Zoning Officer determined that the foregoing use was in violation of the zoning ordinance, and the service station appealed this determination to the township Zoning Hearing Board. After hearing, that board affirmed. This appeal followed.

The issue may be simply stated: Is the towing service described above a permissible accessory use to a gasoline service station, or does it constitute a distinct and separate use which is unauthorized under the zoning ordinance?

Since appellant has a clear right to operate a "gasoline filling station," we must first look to the ordinance to ascertain what that right entails. Article I, sec. 100(21), defines a "Gasoline Filling Station" as "Any area of land, including structures thereon, or any building or part thereof, that is used for the sale of gasoline, or other motor vehicle fuel or accessories, and which may or may not include facilities for lubrications, washing, or otherwise servicing motor vehicles, which shall not include painting or body and fender repairs."

It is clear from the foregoing that only painting and body and fender work are specifically prohibited, while, on the other hand, permitted activities include facilities for "otherwise servicing motor vehicles." It is equally obvious that towing is a form of "servicing motor vehicles." Indeed, under ordinary circumstances, the township agrees, for the evidence establishes that 90 percent of the service stations in the township provide just such a service without objection by township officials.

The township argues, however, that the character and magnitude of appellant's towing operation removes it from the ordinary accessory towing service, and establishes it as a separate and distinct use which is not authorized by the ordinance. The difficulty with this argument is that the township ordinance has not attempted to define "servicing motor vehicles" so as to limit the character or extent of that service. In Lower Providence Township and Wood v. Ford, 3 Comm. Ct. 380, 384 (1971), the court noted that " 'When [a] . . . term defines uses which are permitted, it is both permissive and restrictive. Without further limiting definition, the permissive nature of the phrase must be taken in its "broadest sense." ' " This is nothing more than an application of the basic principle that, since zoning ordinances are in derogation of the inherent common-law right of an individual to use his land as he sees fit, such ordinances must be strictly construed: Fidler v. Zoning Board of Adjustment, 408 Pa. 260 (1962); Lord Appeal, 368 Pa. 121 (1951). As noted in the Fidler case, supra, at page 265: ". . . restrictions must not be so construed as to fetter the use of the land by implication. The permissive widest use of the land is the rule and not the exception, unless specifically restrained in a valid and reasonable exercise of police power."

Accordingly, we hold that the Zoning Hearing Board erred in determining that the use is proscribed by the ordinance, and enter the following

ORDER

And now, January 4, 1973, the appeal of Dale's Esso, Inc., is sustained, and the order of the Township of Upper Moreland Zoning Hearing Board reversed.